International Brain Research Found., Inc. v Cavalier (2018 NY Slip Op 00902)





International Brain Research Found., Inc. v Cavalier


2018 NY Slip Op 00902


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5650 159685/13

[*1]International Brain Research Foundation, Inc., Plaintiff-Appellant,
v
John A. Cavalier, et al., Defendants-Respondents.


Gregory A. Sioris, New York, for appellant.
Cozen O'Conner, New York (Martin S. Bloor of counsel), for respondents.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about May 2, 2016, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3126, and denied plaintiff's cross motion for sanctions pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.
Defendants demonstrated that, despite their repeated requests, plaintiff failed to produce responsive, relevant documents, many of which were favorable to defendants, as was discovered when they were provided to defendants by a third party. This failure to disclose is sufficient to support an inference of willfulness (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]; DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 52 [2d Dept 1998]; CPLR 3126[3]).
Plaintiff failed to proffer an excuse for its failure to disclose (see Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 18 [1st Dept 2000], lv dismissed 96 NY2d 937 [2001]). Its claim that a former employee stole the subject documents and deleted them from its servers is not credible. However, even if this claim were true, it would be unavailing, since plaintiff had failed to issue a litigation hold or take precautions to preserve the documents before the date of the alleged theft, which was well after the commencement of litigation, and failed to notify defendants upon discovery of the alleged theft.
The fact that defendants ultimately obtained these documents from a third party does not diminish plaintiff's culpability. Had the third party not come forward, defendants would never have known these documents existed. Moreover, it is impossible to know whether there are additional relevant documents that still have not been turned over.
Contrary to its contention, plaintiff received sufficient notice and opportunity to be heard before the complaint was dismissed. Defendants made a motion to dismiss, which plaintiff had ample opportunity to oppose.
Defendants also complied with the procedural requirements set forth in both the trial court and the local rules.
Plaintiff's cross motion for sanctions was properly denied, since there is no evidence in the record that defendants or their counsel knew that the documents provided by the third party were "stolen," if this claim is even true.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK